## MATTER OF SANCHEZ

### In Exclusion Proceedings

#### A-14267096

*Decided by Board June 8, 1965*

Appellee, a United States citizen who believes she voted in an election in Mexico in 1964, did not expatriate under section 349(a)(5), Immigration and Nationality Act, since under section 349(c) of the Act, as amended, the government has the burden of proof of citizenship loss by a preponderance of the evidence and the burden has not been met when a certification by the Municipal President of the City of Huanusco, Mexico, states that a search of the 1964 voters' records fails to reveal any evidence that appellee voted in any of the 1964 elections.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant without visa.

The appellee is a 39-year-old married female, born in the United States on January 3, 1926. The issue is that of loss of United States citizenship under section 349(a)(5) of the Immigration and Nationality Act.[1] The special inquiry officer found that she has not lost her United States citizenship and ordered that she be admitted to the United States. The trial attorney appeals from this decision. The appeal will be dismissed.

Appellee lived in the United States from the time of her birth in 1926 until she returned to Mexico with her parents in 1938. She was one of 12 children, and testified that the eight oldest were born in the United States. She was married at the age of 15, and is the mother of ten children. She is, apparently, barely able to read and write in Spanish. She stated that she went to school in the United

---

[1] Immigration and Nationality Act, sec. 349(a) From and after the effective date of this Act a person who is a national of the United States whether by birth or naturalization, shall lose his nationality by . . . (5) voting in a political election in a foreign state or participating in an election or plebiscite to determine the sovereignty over foreign territory.

States as a child, and when she left this country had some fluency in the English language. She has been living on a small farm with her husband and children many miles from Huanusco. She had never voted in Mexico until last year, but she stated that in July 1964, shortly before the election here in question, the "commissar" visited their village and told the women of the town that they must vote, that it was their duty and obligation to vote. She said that they were told also that in order to travel to the United States they would all have to vote. She testified that he came to her house, but that she was sick in bed, and he delivered the message through one of her children. She testified that one of her children was seriously ill, and she traveled on the voting day to the town with her child by mule back, took the child to the doctor, presented her voter's registration at the voting booth, voted, and immediately returned to her home. She testified on several occasions that she voted on that day, and that it was the only time she voted. She testified also (p. 11) that there was "a lot of commotion going on around that the election was crooked." Appellee is articulate and her responses were complete.

Apparently appellee sent for her Mexican voter's certificate but did not receive it. In lieu of this document she presented (Ex. 6) a letter from the Municipal President of Huanusco certifying that this official had searched the voter's records for 1964 and had been unable to find any evidence of her having voted in any of the 1964 elections. Exhibit 6 is signed by "the presiding official" of the City of Huanusco, Zacatetas, Mexico, and states, "That having searched the voting registrations, Federal, State and City, the name of Maria Dolores Garcia Viramontes de Sanchez, a resident of rancho Guatemala of this city does not appear. These voting records cover the Presidential, State Gubernatorial and City elections." Appellee stated that she has known all her life that she was a United States citizen (Ex. 5, p. 2, sworn statement, January 13, 1965), and also that everyone in the community knew that she was a United States citizen (p. 10, record).

The special inquiry officer found that the proof of appellee's foreign voting is too ambiguous to sustain a conclusion of her expatriation under section 349(a)(5) of the Immigration and Nationality Act. He stated that the evidence that she voted in a political election in Mexico must be clear, convincing and unequivocal, citing cases, and that the Government carries the heavy burden of proof of establishing a knowing, complete and voluntary act of expatriation.

Interim Decision #1471

The Board believes that the special inquiry officer applied the wrong standard of proof in the light of section 349(c) [2] added to the Immigration and Nationality Act by the Act of September 26, 1961, but that his conclusion was correct that the record does not establish expatriation. The special inquiry officer cites *Gonzalez-Jasso* v. *Rogers*, 264 F. 2d 584 (D.C. Cir. 1959), which held that uncorroborated admissions, later repudiated, are insufficient to deprive a person of his citizenship. The court placed on the Government the burden of proving the act of expatriation by "clear, unequivocal and convincing" proof, the same standard of proof required for revocation of naturalization. Reacting to *Gonzalez-Jasso*, Congress criticized the application of this standard of proof in proceedings affecting loss of citizenship, as distinguished from proceedings for revocation of naturalization. Congress indicated that the burden of proof in loss of citizenship cases should be merely "the preponderance of the evidence" and, accordingly, added section 349(c) to the Immigration and Nationality Act. House of Representatives Report No. 1086, 87th Cong., 1st Sess., pp. 40 and 41, to accompany S-2237. Therefore, when it is claimed that a dual national lost United States nationality, the Government must establish this claim by a preponderance of the evidence only. However, we believe that even under this amended burden of proof, the Government has not established the alienage of this appellee and that she is, therefore, not excludable as charged. Appellee stated that she was incorrectly informed by a local politician that it was her duty to vote, and she had to vote in order to protect her United States citizenship. She believed that she voted, but Exhibit 6, the voters' record, declares that appellee's name was not on the list of voters. Thus, there is no preponderance of the evidence.

There is no reason on this record to disturb the order of the special

---

[2] Immigration and Nationality Act, sec. 349(c), added by sec. 19 of the Act of September 26, 1961 (75 Stat. 656) : Whenever the loss of United States nationality is put in issue in any action or proceeding commenced on or after the enactment of this subsection under, or by virtue of, the provisions of this or any other Act, the burden shall be upon the person or party claiming that such loss occurred, to establish such claim by a preponderance of the evidence. Except as otherwise provided in subsection (b), any person who commits or performs, or who has committed or performed, any act of expatriation under the provisions of this or any other Act shall be presumed to have done so voluntarily, but such presumption may be rebutted upon a showing, by a preponderance of the evidence, that the act or acts committed or performed were not done voluntarily.

inquiry officer that appellee be admitted to the United States as a citizen thereof. The appeal of the Immigration and Naturalization Service will be dismissed.

ORDER: It is ordered that the appeal be and is hereby dismissed.

*It is further ordered* that the order of the special inquiry officer of February 15, 1965 be and is hereby affirmed.